IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CLAY CHASTAIN,**

    **Plaintiff,**

    **v.**                                                    Case No. 16-2087

**ANNE HODGDON,**

    **Defendant.**

## MEMORANDUM & ORDER

Pro se plaintiff Clay Chastain brings this case against defendant Anne Hodgdon, alleging that defendant libeled him by publishing a Facebook post stating that plaintiff sexually assaulted or tried to rape defendant twenty years prior.  Currently before the court is defendant's Motion for Reconsideration of the court's Memorandum and Order denying her motion to dismiss (Doc. 13).  In her motion to dismiss, defendant argued that plaintiff's complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Defendant currently seeks reconsideration of the court's August 15, 2016 order denying defendant's motion to dismiss.

The Federal Rules of Civil Procedure do not provide for motions for reconsideration.  But the District of Kansas allows for them pursuant to Local Rule 7.3.  Rule 7.3(b) provides that a motion seeking reconsideration of a non-dispositive order must be filed within fourteen days of the order and assert: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Whether to grant a motion for reconsideration is left to the court's discretion. *Triolo v. ECRI*, No. 95-1514-DES, 1998 WL 164813, at * 1 (D. Kan. Mar. 5, 1998).

"The party moving for reconsideration has the burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice." *Id.* (quoting *Int'l Bhd. of Teamsters, Local 955 v. Sambol Meat Packing Co.*, No 92-2338-JWL, at *2 (D. Kan. Sept. 30, 1993)). A motion for reconsideration is not a second opportunity for the losing party to ask the court to readdress issues already determined—or to consider new arguments or facts that could have been presented in the original briefing. *Id.* Improper motions for reconsideration waste judicial resources and obstruct efficient litigation. Reconsideration is appropriate, however, where the court misapprehended the facts, a party's position, or the controlling law. *Servants of Paraclete*, 204 F.3d at 1012.

Here defendant argues clear error. To state a claim for defamation under Kansas law, plaintiff must show that: (1) false and defamatory words; (2) were communicated to a third person; and (3) this caused injury to plaintiff's reputation. *Dominguez v. Davidson*, 974 P.2d 112, 114 (Kan. 1999). The parties agree that in this case, plaintiff must show that defendant defamed plaintiff with actual malice, because a conditional privilege applies to information about public officials regarding matters of public concern. Showing actual malice requires plaintiff to establish that defendant's publication was made "with actual knowledge that it was false or with reckless disregard of whether it was false or not." *Revell v. Hoffman*, 309 F.3d 1228, 1233 (10th Cir. 2002). Defendant now argues that the court should have granted her motion to dismiss because there is no evidence, besides the parties' own statements, that defendant made defamatory statements with actual malice. Defendant suggests that this "he-said, she-said" type dispute is insufficient evidence to show actual malice, and that the court should therefore reconsider its previous memorandum and order.

The court already considered this argument and therefore denies defendant's motion. The court finds the cases cited by defendant in her briefing on this point distinguishable from the facts present in

this case. In an attempt to further clarify that difference, the court provides this hypothetical: Had plaintiff made a claim against a blog that republished defendant's Facebook post and stated that the blog writer must have known it was false because it never happened, defendant's argument would apply. There, plaintiff's claim that the events never happened does nothing to support that the blog writer knew the story was false when he wrote it, because the blog writer was not there. In this case, however, because defendant and plaintiff were the only two direct actors in events that either did or did not occur, plaintiff's claim of falsity supports both that the statement was false and that defendant necessarily knew it was false at the time she said it—because, according to him, it never occurred. Plaintiff's testimony, then, would be used for two purposes: (1) to show falsity, and (2) to show that defendant knew it was false, which is precisely the standard for actual malice.

On a motion to dismiss, the court takes all plaintiff's well-pleaded facts as true. Factual allegations need not be detailed. Plaintiff states a plausible claim to relief, which is all that is required at this stage. The trier of fact will determine the credibility of the parties' testimony.

**IT IS THEREFORE ORDERED** that defendant's Motion Reconsideration of the court's Memorandum and Order denying her motion to dismiss (Doc. 13) is denied.

Dated September 20, 2016, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**